# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DeANTHONY K. MULDROW**,

Plaintiff,

v.

**Case No. 26-CV-093**

**LINDA EGGERT,** *et al.***,**

Defendants.

## ORDER

On January 20, 2026, plaintiff DeAnthony K. Muldrow, who is incarcerated and representing himself, filed a complaint under 42 U.S.C. § 1983. (ECF No. 1.) The court initially ordered Muldrow to pay an initial partial filing fee of $34.64 by February 13, 2026. (ECF No. 5.) Muldrow filed a couple of letters indicating that he had insufficient funds in both his prisoner trust account and release accounts to pay the fee. (ECF Nos. 7, 9.) As such, the court entered a text only order requesting Muldrow either pay the filing fee or provide an updated trust account statement. (ECF No. 10.) Muldrow provided an updated trust account statement on June 2, 2026. That same day, the court issued an amended order assessing an initial partial filing fee of $13.67 to be paid by July 2, 2026. (ECF No. 14.)

On July 6, 2026, Muldrow filed a notice of voluntary dismissal because he believes the case has no merit. (ECF No. 15.) He also requested a refund of the fee. That same

day, Muldrow filed a motion to amend his complaint. (ECF No. 16.) On July 7, 2026, Muldrow paid the fee.

Muldrow must respond to this order by **August 10, 2026**, indicating whether he wishes to voluntarily dismiss his case or if he would like to proceed. If the court does not hear from Muldrow by this date, the court will honor Muldrow's request to voluntarily dismiss the case.

Muldrow should note that the court will not refund the initial partial filing fee and, in accordance with 28 U.S.C. § 1915(b)(2), will collect the balance of $336.33 by collecting monthly payments from Muldrow's prison trust account in an amount equal to 20 percent of the preceding month's income credited to Muldrow's trust account. Mulrow should also note that, if he proceeds and the court at screening determines he fails to state a claim upon which relief can be granted, he may incur a "strike" under 28 U.S.C. § 1915(g).

Also, if Muldrow wishes to continue with his case, and wishes to amend his complaint, he must file a motion to amend his complaint that states "specifically what changes are sought by the proposed amendments." Civil Local rule 15(b). He also must attach the proposed amended complaint to his motion. Civil L.R. 15(a). The proposed amended complaint must be reproduced in its entirety, "and may not incorporate any prior pleading by reference." *Id.* The court will deny his motion to amend the complaint without prejudice so Muldrow may refile his motion if he so chooses.

2

**IT IS THEREFORE ORDERED** that Muldrow must respond to this order by **August 10, 2026**, indicating whether he wishes to voluntarily dismiss his case or if he would like to proceed.

**IT IS FURTHER ORDERED** that Muldrow's motion to amend the complaint (ECF No. 16) is **DENIED without prejudice**.

Dated in Milwaukee, Wisconsin this 20th day of July, 2026.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge

3